IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SAM BRADFORD, SR., #40579                                              PETITIONER

versus                                          CIVIL ACTION NO. 5:07cv190-KS-MTP

RONALD KING                                                            RESPONDENT

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* petition of Sam Bradford for a writ of habeas corpus under 28 U.S.C. § 2254 [1] and Respondent's Motion to Dismiss Pursuant to § 2244(d) [7]. Having considered the motion, the responses and replies thereto [8] [9] [10], along with documents made a part of the record of this case and applicable law, the undersigned recommends that Respondent's Motion to Dismiss be granted and that Bradford's Petition for a Writ of Habeas Corpus be dismissed with prejudice.

**FACTS AND PROCEDURAL HISTORY**

Petitioner was convicted of murder by a jury in the Circuit Court of Jefferson County, Mississippi and on February 10, 2004, he was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections.[1]  *See* Exhibit A to Motion to Dismiss. Petitioner directly appealed his conviction and sentence and on September 6, 2005, the Mississippi Court of Appeals affirmed his conviction and sentence in a written opinion. *Bradford v. State*, 910 So. 2d 1232 (Miss. Ct. App. 2005). Petitioner neither filed a motion for rehearing nor sought discretionary review by filing a petition for writ of certiorari in the Mississippi Supreme Court.

---

[1] On that same day, petitioner also pled guilty to possession of a weapon by a convicted felon and was sentenced to serve a term of three (3) years to run concurrently with his life sentence. *See* Exhibit B to Motion to Dismiss.

Petitioner filed the instant petition, at the earliest, on September 26, 2007.[2]  Respondent contends that the petition was not timely filed and, therefore, it should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003).  Generally, a state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).  However, because petitioner declined to seek discretionary review in state court by filing a petition for a writ of certiorari, he "stop[ped] the appeal process" and was therefore unable to pursue further direct review in the United States Supreme Court by way of a petition for a writ of certiorari. *Roberts v. Cockrell*, 319 F.3d 690, 693, 694 & n.14 (5th Cir. 2003).  Thus, petitioner's conviction became final, and the statute of limitations for federal habeas purposes began to run, when the time for seeking further direct review in the state court expired:  on September 20, 2005 - fourteen (14) days after his conviction was affirmed (on September 6, 2005).  *See* Rule 40(a) of the Mississippi Rules of Appellate Procedure (allowing fourteen (14) days to file a motion for rehearing); *see also*

---

[2] Under the "mailbox rule," Bradford's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Petitioner's habeas petition was signed on September 26, 2007, but was not stamped "filed" until October 2, 2007.  The court will give petitioner the benefit of the doubt and assume that his petition was delivered to prison officials on the same day it was signed.

*Roberts*, 319 F.3d at 694.[3]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner had until September 20, 2006 to file his federal habeas petition.

Bradford filed his federal habeas petition, at the earliest, on September 26, 2007, a little more than one year after the federal statute of limitations expired.  Thus, the petition is barred by the  statute of limitations unless petitioner is entitled to either statutory or equitable tolling.  Whether statutory tolling occurred during the period between Bradford's judgment becoming final on September 20, 2005 and the filing of his petition on September 26, 2007 is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction" remains pending.  Petitioner filed a state motion for post-conviction collateral relief on May 22, 2006,[4] which was pending until February 22, 2007, when the petition was denied.  *See* Exhibits D & E to Motion to Dismiss.   Accordingly, the limitations period was tolled for a period of 276 days, making Bradford's habeas petition due on or before June 25, 2007 (September 20, 2006 + 276

---

[3]  Pursuant to the court's holding in *Roberts*, petitioner's argument that the ninety day period for filing a petition for a writ of certiorari with the United States Supreme Court should be counted is clearly incorrect.  In *Roberts* - as in the instant case - petitioner did not seek discretionary review of a (Texas) lower court's denial of rehearing on a judgment affirming his conviction.  *Roberts*, 319 F.3d at 691.  Therefore, the court held that his judgment became final for AEDPA purposes when the time for seeking such discretionary review had expired (in that case, thirty days after the denial of rehearing), and *not* after expiration of the ninety-day period for filing a petition for writ of certiorari with the U.S. Supreme Court.  *Id.* at 694.

[4] Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners.  *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000).  The Fifth Circuit has held that application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect.  *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006).  Petitioner's motion for post-conviction relief was signed on May 22, 2006, and was stamped "filed" in the Mississippi Supreme Court on May 24, 2006.  *See* Exhibit D to Motion to Dismiss.  Again, the court will give petitioner the benefit of the doubt and assume that his motion for post-conviction relief was delivered to prison officials on the same day it was signed.

days).[5]

Based on his responses to the motion, petitioner appears to be under the impression that the relevant calculation is 276 days from the date his motion for post-conviction relief was denied. However, as set forth above, that is simply not the case. Thus, petitioner's habeas petition was filed approximately three months after the deadline had passed, and as he has not set forth any facts which would constitute such "rare and exceptional" circumstances sufficient to warrant equitable tolling of the limitation period,[6] the petition is barred by section 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the respondent's Motion to Dismiss [7] should be granted and that petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[5] As the 276th day fell on a Saturday (June 23), petitioner had until the following Monday, June 25.

[6] Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott,* 192 F.3d at 513. Even excusable neglect will not suffice. *Id.* at 514.

4

5

appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 7th day of February, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge